UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------x

| | |
|---|---|
| RIVERVIEW CROSSING CONDOMINIUM ASSOCIATION, INC. | Civil Action: 3:22-cv-1187 |
| Plaintiff, | |
| vs. | |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant AMERICAN ALTERNATIVE INSURANCE CORPORATION ("AAIC") by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, respectfully submits as follows upon information and belief:

1. On August 18, 2022, plaintiff RIVERVIEW CROSSING CONDOMINIUM ASSOCIATION, INC. ("Riverview") commenced a civil action against defendants in the Superior Court of the State of Connecticut, County of New Haven, under Docket No. NNH-CV22-6126093 by filing the Summons and Complaint attached as **Exhibit "A"**.

2. The Plaintiff alleges that their property sustained a loss by virtue of a windstorm/tornado on August 27, 2020.

3. The Plaintiff acknowledges that a portion of the loss was paid, but alleges that AAIC failed to pay them fully for the loss (See **Exhibit "A"**).

4. Service of the Summons and Complaint was served upon AAIC on August 22, 2022. A copy of the Certification of Service is attached hereto as **Exhibit "B"**.

5.  Plaintiff's Complaint asserts the following causes of action: Count I – Breach of Contract; Count II – Negligent Adjustment; Count III – Violations of CUTPA/CUIPA; and Count IV – Bad Faith. (See **Exhibit "A"**).

6.  Pursuant to Rule 28 U.S.C. 1446(a) annexed hereto as **Exhibit "C"** is an Index of the State Court pleadings in this matter.

7.  Defendant AAIC was served with the Complaint and became aware of the action for the first time on August 22, 2022. Thus, removal is timely as provided by 28 U.S.C. § 1446(b).

8.  At the time the action was commenced and at the time this notice of removal is filed, plaintiff Riverview is a citizen of the state of Connecticut. See **Exhibit "A"**.

9.  AAIC is and was at the time of the filing of this lawsuit a corporation under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

10. The jurisdictional amount in controversy threshold is also satisfied.

11. It is well established that the amount in controversy in a declaratory judgment action is "measured by the value of the object of the litigation." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 *F*.3d 388, 397-98 (3d Cir. 2016) (*quoting* Hunt v. Washington State Apple Advertising Com'n, 432 *U.S.* 333, 347, 97 *S.Ct.* 2434 (1977)).

12. Where the complaint is "open-ended" and does not allege a specified amount, the district court should perform its "own independent appraisal of the value of the claim." Angus v. Shiley Inc., 989 F.2d 142, 145-46 (3d Cir.1993) (*citing* Corwin Jeep Sales & Serv., Inc. v. American Motors Sales Corp., 670 F.Supp. 591, 596 (M.D.Pa.1986)). The court should conduct "[a] reasonable reading of the value of the rights being litigated" and not focus on "the low end of an open-ended claim." Id. 562*562 at 146 (citations omitted).

13. Upon information and belief, this claim for coverage relates to the requested total replacement of eight (8) roofs located at the property, with alleged damages over $75,000.00.

14. The claims for which the Plaintiff seek damages, which Plaintiff contends are covered under an insurance policy issued by ACE, include compensatory damages, punitive damages, consequential damages, pre-and post-judgment interest, attorney's fees and other costs of suit in an amount in excess of $75,000. *See* 28 U.S.C. § 1332(a).

15. Inasmuch as complete diversity exists between the parties and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

16. In compliance with 28 U.S.C. § 1446(b), this notice of removal is filed within this Court within thirty (30) days after receipt of a copy of the pleadings setting forth the claim for relief upon which this action or proceeding was based and within thirty (30) days after service of summons.

17. Venue is proper, as this Action was originally filed in New Haven County. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Connecticut, the district within which the Action is pending.

18. The Defendants are entitled to remove this action pursuant to 28 U.S.C. Section 1446(a), since the District Court has original jurisdiction over the action pursuant to 28 U.S.C. Section 1332(a)(1).

19. The Defendants are not citizens of the Connecticut, so that this action is removable under 28 U.S.C. Section 1441 *et seq*.

20. This action is hereby removed from Superior Court, New Haven Judicial District, to this Court.

21. Upon the filing of this Notice of Removal, AAIC will file a Notice of Filing of this Notice of Removal with the Clerk of the Connecticut Superior Court, J.D. of New Haven, at New Haven, pursuant to 28 U.S.C. §1446(d), where Plaintiff commenced this action.

22. By filing this Notice of Removal, AAIC does not waive any defenses available to it, at law, in equity, or otherwise.

**WHEREFORE**, defendant AAIC respectfully removes this action, which is currently pending in the Superior Court of the State of Connecticut, County of New Haven, to this Court and respectfully request that this matter proceed in this Court as an action properly removed thereto.

Dated: Hartford, Connecticut
September 21, 2022

Respectfully submitted,
DEFENDANTS
AMERICAN ALTERNATIVE INSURANCE CORPORATION

By: */s/ Christopher E.H. Sanetti*
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Christopher E.H. Sanetti (ct27920)
185 Asylum Street, Suite 2601
Hartford, CT 06103
HartfordEService@lewisbrisbois.com
Christopher.Sanetti@lewisbrisbois.com
Tel: (860) 471-8617
Fax: (860) 748-4857

4868-2456-2484.1

## **CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that on September 21, 2022, I caused to be served the foregoing Notice of Removal (with exhibits) upon the parties listed below via the court's electronic transmission facilities, email and/or United States First Class Mail.

Jon D. Biller
Biller, Sachs & Robert
2750 Whitney Avenue
Hamden, CT 06518
(203) 281-1717
Attorneys@billerlawgroup.com
(counsel for plaintiff RIVERVIEW CROSSING CONDOMINIUM ASSOCIATION, INC.)


                                                */s/ Christopher E.H. Sanetti*
                                                Christopher E.H. Sanetti